**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                                                                               **16-CR-76V**

      **-v-**

**MICHAEL PETTWAY,**

          **Defendant.**

_____

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

### PRELIMINARY STATEMENT

The defendant, Michael Pettway ("the defendant"), is charged in a superseding indictment, along with the co-defendant, Collins Pettway, with having violated Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B) and 856(a)(1) and Title 18 U.S.C. §§ 924(c)(1)(A)(i). Dkt. #12. The defendant has filed a motion seeking to suppress the use of certain statements allegedly made by him as evidence at trial. Dkt. #29. More specifically, the defendant alleges that he "was unlawfully interrogated while in custody without the benefit of receiving *Miranda* warnings." Dkt. #36, p. 5, ¶ 18. The government counters this claim by asserting that the "statements were made voluntarily by the defendant and were not made in violation of his constitutional rights" and that they "were made after [he] was advised of his *Miranda* warnings." Dkt. #41,

p. 2.  As a result, an issue of disputed fact was created thereby causing the Court to hold an evidentiary hearing on the issue.  Such hearing was held on June 1, 2017 and the matter was taken under advisement.

## **FACTS**[1]

The defendant and co-defendant Collins Pettway were the subject of an ongoing drug investigation by the Buffalo Police Department ("BPD").  As part of that investigation, an automobile belonging to the defendant was seized by the Buffalo Police and taken to the City of Buffalo Police Garage on or about March 7, 2015.  On July 16, 2015, the defendant called Detective Mulhern of the BPD for the purpose of retrieving the license plates from his vehicle which had been impounded on or about March 7, 2015.  It was agreed that Detective Mulhern would meet the defendant at 4:15 p.m. on July 16, 2015 at the Buffalo Police Garage for the purpose of returning the license plates from defendant's vehicle to the defendant.

In the meantime, Detective Mulhern made arrangements with other Buffalo Police officers to have them present at the police garage on July 16, 2015 for the purpose of arresting the defendant when he arrived there to pick up the license plates.  Approximately six police officers were assigned to this task.  Illegal drugs and weapons had been found previously in the defendant's apartment located at 460 Eggert Road, Buffalo, New York pursuant to a search warrant issued by a judge of the Buffalo

---

[1] The facts are taken from the filings herein as well as this Court's notes taken during the evidentiary hearing held on June 1, 2017.

City Court. Since law enforcement authorities had been unable to locate the whereabouts of the defendant, a be on the lookout alert ("BOLA") had been issued for the defendant by the BPD prior to July 16, 2015.

At approximately 4:15 p.m. on July 16, 2016, the defendant appeared at the police garage and identified himself to Detective Mulhern and requested the return of the license plates to his vehicle. Using a pre-arranged signal, Detective Mulhern alerted the other police officers to effectuate the arrest of the defendant. Detective Leo McGrath and other police officers entered the vestibule of the police garage where the defendant was standing and placed him under arrest and placed handcuffs on him. At this point Detective McGrath proceeded to give *Miranda* warnings to the defendant by advising him of his rights by reading from a BPD "*Miranda* Card" (Government Exhibit 1). Detective McGrath also read the "waiver" provisions contained in Government Exhibit 1 to the defendant and then asked the defendant if he understood his rights to which the defendant said he did.

While Detective Mulhern and the defendant were waiting for a marked BPD patrol car to arrive to transport the defendant to the police booking office after the defendant had been placed under arrest and given *Miranda* warnings, Detective Mulhern asked the defendant "is that your girlfriend waiting in the car for you?" to which the defendant replied "yes." Detective Mulhern told the defendant that his girlfriend "was in the [defendant's] apartment" when the police executed the search warrant and

found the 2 handguns and 3 pounds of cocaine" to which the defendant replied that "he didn't know anything about that" because "she never mentioned that." Detective Mulhern then asked the defendant if his brother, Collins, said anything to him because he [Collins] was arrested too" and the defendant responded, "no, he never told me anything about it either." Detective Mulhern then asked the defendant "why [his] identification was on the dresser with the cocaine and guns" to which the defendant replied, "I don't know what you are talking about." Government Exhibit 2, CPL 710.30 form.

## **DISCUSSION AND ANALYSIS**

The defendant did not present any evidence on his behalf in support of his motion to suppress the aforesaid statements contained in Government Exhibit 2 and therefore the only real issue before this Court is that of credibility as to the testimony of Detectives McGrath and Mulhern as to the events of July 16, 2015. While listening to the testimony of both detectives, this Court closely observed the demeanor of each detective during his examination on direct and cross examination. The credibility of witnesses is a question for the judge who heard them. *United States v. Miley*, 513 F.2d 1191, 1201 (2d Cir.), *cert. denied*, 4213 U.S. 842 (1975); *United States v. Fernandez*, 456 F.2d 638, 640 (2d Cir. 1972). I find that both detectives were credible witnesses and accept their testimony in its entirety that the defendant had been given *Miranda* warnings and advice of rights immediately after he had been placed under arrest by Detective McGrath and before he was interviewed by Detective Mulhern. Therefore, it

4

is recommended that the defendant's motion to suppress the statements allegedly made by him as set forth in Government Exhibit 2 be denied in all respects.

As an aside, I do not consider the statements attributed to the defendant in Government Exhibit 2 to be inculpatory but deemed the evidentiary hearing as necessary since the defendant had raised a material issue of fact in this regard. *See United States v. Mathurnin*, 148 F.3d 68, 69 (2d Cir. 1998).

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time**

**waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:   June 12, 2017
         Buffalo, New York

> *S/ H. Kenneth Schroeder, Jr.*
> **H. KENNETH SCHROEDER, JR.**
> **United States Magistrate Judge**