UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

MICHAEL PETTWAY,

        Defendant.

ORDER
16-CR-76(LJV)

---

Along with co-defendant Collins Pettway, defendant Michael Pettway is charged in a Superseding Indictment with conspiring to possess with intent to distribute, and to distribute, 500 grams or more of a mixture and substance containing cocaine and 28 grams of more of a mixture or substance containing cocaine base; several counts of possessing and distributing cocaine and cocaine base; maintaining a drug-involved premises; and possessing firearms in furtherance of drug trafficking crimes. *See* Docket Item 12. On March 5, 2017, Michael Pettway moved to suppress physical evidence. Docket Item 29.

On June 21, 2017, Magistrate Judge H. Kenneth Schroeder, Jr., issued a Report and Recommendation, recommending the denial of the defendant's motion to suppress physical evidence. Docket Item 46. With respect to that portion of the defendant's motion to suppress physical evidence seized on March 7, 2015, from 460 Eggert Road, Apartment 1, Judge Schroeder found that the defendant had failed to meet his burden to invalidate the search warrant issued by Buffalo City Court Judge Diane Y. Wray and that the defendant's argument that there was no probable cause lacked legal merit.

Judge Schroeder further concluded that even if the search warrant authorizing the search of 460 Eggert Road, Apartment 1, was issued without probable cause, the good faith exception under *United States v. Leon*, 468 U.S. 897 (1984), would preclude the application of the exclusionary rule and the evidence found still should not be suppressed.

In his motion to suppress physical evidence, the defendant also asserted in wholly conclusory fashion that "law enforcement has attempted to utilize clearly erroneous and innocuous information and statements provided and made by individuals and turned them into alleged drug activity of a particular target, named Collins Pettway, involving conversations, transaction, storage, etc." Docket Item 29 at 32. In his Report and Recommendation, Judge Schroeder concluded that the defendant's unsupported claims are "insufficient to cause this Court to take further action on the defendant's motion to suppress or to hold a hearing on the issue pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978)." Docket Item 46 at 7. As explained by Judge Schroeder, before a defendant is entitled to a *Franks* hearing,

> a defendant must make a substantial preliminary showing that (1) the warrant affidavit contains a false statement, (2) the allegedly false statement was made knowingly and intentionally or with reckless disregard for the truth, and (3) the allegedly false statement was necessary for a finding of probable cause. *United States v. Salameh*, 152 F.3d 88, 113 (2d Cir. 1998), cert. denied, 525 U.S. 1112 (1999); *United States v. Levasseur*, 816 F.2d 37, 43 (2d Cir. 1987), cert. denied, 507 U.S. 954 (1993); *United States v. Longo*, 70 F.Supp.2d 225, 254 (W.D.N.Y. 1999).

*Id.* at 8-9. Based on the foregoing, and because the defendant had made no offer of proof to support the defendant's conclusory allegations of falsity and reckless disregard

2

for the truth, Judge Schroeder recommended that the defendant's motion for suppression of physical evidence and his request for a *Franks* hearing be denied.

Finally, the defendant sought the suppression of his DNA evidence that was taken pursuant to an August 5, 2015 order issued by New York State Supreme Court Justice M. William Boller. As detailed by Judge Schroeder in his Report and Recommendation, the defendant had been arrested on July 16, 2015, and charged with violating the drug laws of the State of New York based on a search conducted on March 7, 2015, and the seizure of drugs and weapons during that search. Thus, based on the defendant's valid arrest, and consistent with the United States Supreme Court's holding in *Maryland v. King*, 133 S.Ct. 1958 (2013), Judge Schroeder recommended that defendant's motion to suppress his DNA sample be denied.

The defendant did not object to Judge Schroeder's Report and Recommendation, and the time to object now has expired. For that reason, the defendant has waived his right to have the Report and Recommendation reviewed. *See* Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review."); *see also* Docket Item 46 at 13.

Nevertheless, in its discretion, this Court has carefully reviewed Judge Schroeder's Report and Recommendation (Docket Item 46), as well as the defendant's motion papers submitted to Judge Schroeder. Based on that review and the absence of any objection, and for the reasons stated in the Report and Recommendation, this Court

adopts the Report and Recommendation in its entirety.  Michael Pettway's motion to suppress physical evidence is DENIED.

      IT IS SO ORDERED.

Dated: August 3, 2017
       Buffalo, New York

                                      **_s/ Lawrence J. Vilardo_**
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE